FILED
1/9/2018
SUSIE KRUEGER CLERK
BY ___Barbara J. Vaughn___
DEPUTY CLERK

**ADAM COOK**
**EVERETT LAW, PLLC**
**Attorneys at Law**
217 East Park Avenue
P. O. Box 969
Anaconda, Montana  59711
Telephone:  (406) 563-5005
Fax:  (406) 563-0380
**ATTORNEY FOR PLAINTIFF**

## MONTANA THIRD JUDICIAL DISTRICT COURT
## DEER LODGE COUNTY

| | |
|---|---|
| KASEY MARJAMAA,<br><br>      Plaintiff,<br><br>v.<br><br>LINCARE INC.,<br><br>      Defendant. | Cause No. DV-18-11<br><br><br>**COMPLAINT AND DEMAND**<br>**FOR JURY TRIAL** |

COMES NOW KASEY MARJAMAA, by and through her attorney of Everett Law,

PLLC, and for her causes of action against the defendant, for **which she demands a**

**jury trial**, claims and alleges as follows:

I

For all times material herein, Plaintiff KASEY MARJAMAA has been and still is a

resident of the City of Anaconda, County of Deer Lodge, State of Montana.

II

For all times material herein, Defendant LINCARE INC., has been and is now a

Foreign Corporation, incorporated in Delaware and doing business in the state of

Montana.

III

Defendant, LINCARE INC., terminated Plaintiff KASEY MARJAMAA on September 12, 2017, for the pretextual reason of: 1) "Insubordination, e.g., willful disobedience of instructions properly issued by your supervisor," and 2) "willful or habitual disregard for Company safety rules or security."

## COUNT I
## WRONGFUL DISCHARGE FROM EMPLOYMENT

### IV

Plaintiff realleges the allegations in Paragraphs I-III of this complaint.

### V

Plaintiff had been working for defendant for approximately five years prior to being terminated.

### VI

Plaintiff had completed defendant's probationary period.

### VII

Plaintiff was not terminated for good cause.

### VIII

Defendant violated the express provisions of its own written personnel policy.

## COUNT II
## WAGE PROTECTION

### IX

Plaintiff KASEY MARJAMAA realleges the allegations in Paragraphs I-VIII of this complaint.

### X

After terminating plaintiff, defendant withheld earned vacation time from the plaintiff's final paycheck and has never compensated her for her earned vacation time.

## XI

Plaintiff did not agree to the withholding and did not sign anything saying she agreed to the withholding.

## XII

Defendant has failed to pay plaintiff's wages earned in accordance with Mont. Code Ann. § 39-3-204 (2017).

## XIII

The penalty for violating § 39-3-204 is a misdemeanor and a penalty must be assessed against and paid by defendant to the plaintiff in an amount not to exceed 110% of the wages due and unpaid.

WHEREFORE, Plaintiff KASEY MARJAMAA prays judgment against defendant as follows:

1. For the damage caused to Plaintiff KASEY MARJAMAA as a result of her wrongful discharge from employment;

2. For four years lost wages from the date of discharge;

3. For interest on the lost wages and fringe benefits;

4. For wages due and vacation earned;

5. For attorney fees and costs;

6. For 110% penalty in accordance with Mont. Code Ann. § 39-3-206; and

7. For such other and further relief as the court deems just and proper.

DATED THIS 9th DAY OF JANUARY, 2018.

EVERETT LAW, PLLC

BY: _____
ADAM COOK
Attorney for plaintiff